## SLOANE v MOORE.

In an action under the statute concerning "forcible entry and detainer," by a settler on the lands of the U. S., against one who had settled on an unenclosed part of the tract in controversy, bare possession, without any right of pre-emption, will not bring the plaintiff within the provisions of the 29th section of the act.

Appeal from the Platte Circuit Court.

*Miller & Wood for Appellant.*

The instructions as given by the court below assume the ground that the proceedings by forcible entry and detainer, cannot be sustained to recover the possession of unenclosed

SEPT'R TERM, 1841.

public land, and this seems to be the only point presented by the record, for the decision of this court.

That forcible entry and detainer can be maintained in such case, see Revised Statutes of Mo. page 281, sections 28 and 29, on that page. See also, Matlox v. Helen, 5 Little, 186; Wall v. Nelson, 3 do. 395; Chiles v. Stephens, 3 Marshall, 345–7; Brumfield v. Reynolds, 4 Bibb, 388; Young v. Rurge, 1 Little, 226, Beauchamp v. Morris, 4 Bibb, 312, Carpenter v. Shepherd, ibid, 501; Van Horne and others v. Telley, 1 Monroe, 51; 4 Bibb, 424; 2 J. J. Marshall, 385 ; 4 Bibb, 563; Thomas v. Harrow, 1 Mar. 61 and 189; 2 J. J. Marshall, 257; Bank of Kentucky v. McWilliams, 1 Marsh. 347; Calk v. Sim's heirs, 3 do. 615, 1 do. 375 ; Kendall v. Slaughter, 3 do. 99; Bowman v. Bartlett, 5 Little's Rep. 210; Smith v. Morrow, 3 do. Rep. 20. The cases here referred to fully sustain these positions, that, in the proceeding by complaint for forcible entry and detainer, nothing is in issue but the naked fact of possession. That although deeds are permitted to be introduced as evidence, it is only to show the boundary and extent of possession, but not to show right. That there may be such a possession in fact of unimproved and unenclosed land as will enable the possessor to maintain the writ of forcible entry and detainer against those who invade it.

That the actual residence upon a part of a tract claiming the whole, is a possession of the unenclosed part. That it is the intention which governs the extent of possession, and this without reference to the right or title of the party so intending to claim.

*Burnett for Appellee.*

1st. That the court committed no error in refusing instructions of the plaintiff.

2d. That the court did not err in giving the instructions given to the jury.

3d. That the court did not err in overruling plaintiff's motion for a new trial.

The possession to sustain this action must be actual, 1 Ky. Statutes, 731–2 1 Hawkins, 508, 5, 46; 3 Chitty's C. L.,

Sloane
v.
Moore.

1136, note C.; 1 Russell, 246–7, top, cited in note; 11 Wendall, 158; must be definite as to boundary, 1 Marshall, 28, 106, 208; must be quiet and peaceable, 3 Chitty's C. L., 1134, note B.

*Opinion of the Court by Tompkins, Judge.*

Willam Sloane sued James Moore in an action of forcible entry and detainer, and before any judgment therein, removed the cause by writ of certiorari into the circuit court of Platte county. Judgment being there given against him, he appealed to this court. On the trial of the cause, it was in evidence, that some time in the latter part of the year 1838, Sloane, the plaintiff, built a cabin on the land in controversy, and removed with his family into it, and has ever since resided there. That in the spring or summer of the year following, the defendant Moore built in the neighborhood, and within two hundred and fifty yards from the plaintiff's improvement, a cabin, and moved into it, and has ever since occupied it. That according to the surveys made, a quarter section will include Moore's house, if Sloane's house be made the centre.

The plaintiff below, appellant here, moved for a new trial and instructions.

It is contended that by the 29th section of the act concerning forcible entries and detainers, the plaintiff is entitled to bring this action against any person who settles so near him, that his house would be covered by a quarter section of land, of which the plaintiff's house is the centre. Where no legal survey has been made at the time of settlement the act does give this right to one who is entitled to a right of pre-emption. It is not pretended that there was any act of congress by which Sloane, when he made this settlement, was entitled to a pre-emption; and it would be a curious thing for a court of law, to decide in anticipation of such a law, (which may never be passed,) what such court could decide by authority of the statute only. This case is like the case of Kincaid v Logue, decided at this term. The

In an action under the statute concerning "forcible entry and detainer," by a settler on the lands of the U. S. against one who had settled on an unenclosed part of the tract in controversy, bare possession without any right of pre-emption, will not bring the plaintiff within the provisions of the 29th section of the act.

same instructions which the judge gave in that case, apply to this, except that the jury are not in this case embarrassed with a pretended fence.

The court, in my opinion, instructed the jury very well, having instructed them as in the case of Kincaid v. Logue, and the jury had abundance of evidence too to warrant their finding in pursuance of the instructions given. The judgment is therefore affirmed.